

September 18, 2025

<u>**Via ECF**</u>

Honorable Judge Philip Bentley
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

      **RE:**    *In re Darryl D. Humphreys*, Chapter 11 Case No. 23-10313 (PB)

Dear Honorable Judge Bentley:

    I'm writing with a status update in response to the letter filed by Ms. Cornell. To the best of my knowledge Mr. Humphreys has not obtained new employment and therefore it is not possible for him to propose a confirmable Plan.

    I am also respectfully requesting a conference with the Court to address the pending deadlines with respect to Ms. Cornell's motion to dismiss ("<u>MTD</u>") in light of the fact that the Debtor cannot propose a confirmable chapter 11 Plan. The Debtor has repeatedly declined my recommendation that he consent to the MITD. As your honor is aware, I have an ethical obligation to follow my client's direction. I am not capable of personally consenting to Ms. Cornell's motion without my client's authorization. At the same time, I do not wish Ms. Cornell or Ms. Woods to undertake unnecessary work when in my personal opinion dismissal is inevitable.

    I also write this letter as an officer of the Court in response to Ms. Cornell's assertion that she and Ms. Woods have "sent repeated requests for updates on the matter and [have] received no response."

| | |
|---|---|
| July 8, 2025 | The last hearing date at which your Honor established a pretrial schedule for opposition to the pending MTD. |
| July 24, 2025 | The Debtor advised me that he was laid off from his job. |
| July 25, 2025 | I emailed Ms. Cornell to personally advise her the Debtor had been laid off. |
| July 25, 2025 | At the direction of the Debtor, I timely filed opposition disclosing that the Debtor had been laid off and he understands that absent new employment the dismissal of his case is inevitable. At the time he was participating in job interviews and hoped to swiftly regain employment. |

Honorable Judge Philip Bentley
September 18, 2025
Page 2

| | |
|---|---|
| August 18, 2025 | Ms. Cornell sent me an email inquiring as to the status of the Debtor's employment. I responded, stating that he remained unemployed and the prior week I spoke with the Debtor and recommended he consent to dismissal. I further advised Ms. Cornell that the Debtor declined to accept my advice at that time. I told her that I would continue to monitor the situation and keep her advised. |
| September 2, 2025 | I followed up with the Debtor asking for a status update. He responded that he was continuing to interview. |
| September 8, 2025 | I followed up with the Debtor. I also sent an email to Ms. Woods and Ms. Cornell expressing that the Debtor continued to decline to authorize me to consent to dismissal. |
| September 11, 2025 | I followed up with the Debtor twice. At approximately 9:00 a.m., I advised him in part that "The US Trustee has argued that a viable Plan cannot be proposed, which is the reason the case should be dismissed. The US Trustee is correct at this point." The Debtor advised that he had a 3rd round of interviews on September 18, 2025, and directed me to wait until that date to take any action. I responded at approximately 8:30 p.m. that even if he obtained a substantial job offer it will not change the fact that he cannot propose a confirmable Plan right now. |
| September 16, 2025 | The Debtor responded to my email of September 11, 2025, stating that he had additional job interviews scheduled. I responded again recommending he consent to dismissal. |
| September 17, 2025 | I responded to Mr. White's email, copying Ms. Cornell and Ms. Woods, again conceding that the Debtor's unemployment "makes a chapter 11 plan impossible at this point", and further making it clear that "I have recommended to my client that he consent to dismissal of the bankruptcy case.". I further provided a status update that "He has not authorized me to provide consent [to Ms. Cornell's motion]." |
| September 17, 2025 | I called the Debtor asking him to contact me. I have not received a response. |

Honorable Judge Philip Bentley
September 18, 2025
Page 3

      Your Honor, if I had the ability to consent to Ms. Cornell's MTD without my client's authority I would have done so already. Ms. Cornell has accused me of bordering on unprofessional and Ms. Woods has accused me of wasting everyone's time. I respectfully request a conference with the Court to address the pending trial deadlines in light of the Debtor's inability to propose a confirmable Plan, while declining to provide me with authorization to consent to the MTD. It is sincerely not my intention to be unprofessional to my colleagues or to cause them, or Your Honor, to undertake any unnecessary work.

      Respectfully submitted,

      */s/ Dawn Kirby*

      Dawn Kirby

cc:    Adrienne Woods, Esq.
       Shara Cornell, Esq.
       All parties via ECF notification